UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
Nazu Ali,

                                    Plaintiff,

                                                                        **MEMORANDUM & ORDER**
                    -against-                                           20-CV-05164 (DG)

Commissioner of Social Security,

                                    Defendant.
------------------------------------------------------------------X
DIANE GUJARATI, United States District Judge:

On October 22, 2020, *pro se* Plaintiff Nazu Ali filed the Complaint in this action against

Defendant Commissioner of Social Security (the "Commissioner").  *See* Complaint, ECF No. 1.[1]

Plaintiff also filed a motion for leave to proceed *in forma pauperis*, *see* ECF No. 2,[2] which was

granted on October 28, 2020, *see* ECF No. 3.[3]

On July 21, 2021, the Commissioner filed a Motion for Judgment on the Pleadings

pursuant to Federal Rule of Civil Procedure 12(c).  *See* ECF No. 12.  By Order issued on March

22, 2021, Plaintiff was directed to file a response to the Commissioner's motion on or before

September 20, 2021.  Plaintiff did not file a response by that deadline.  By Order dated October

25, 2021, the Court, in light of Plaintiff's *pro se* status, afforded Plaintiff additional time – until

December 27, 2021 – to file a response.  Plaintiff did not file a response by that deadline.  By

---

[1] The filing date reflected on the docket is October 26, 2020.  However, the Complaint itself reflects a receipt and filing date of October 22, 2020.  The discrepancy is not material to the Court's analysis herein.

[2] The filing date reflected on the docket is October 26, 2020.  However, the motion itself reflects a receipt date of October 22, 2020 and a filing date of October 23, 2020.  The discrepancies are not material to the Court's analysis herein.

[3] This case was reassigned to the undersigned on December 11, 2020.

Order dated February 8, 2022, the Court again, in light of Plaintiff's *pro se* status, afforded Plaintiff an additional month – until March 8, 2022 – to file a response.  The Court's February 8, 2022 Order advised Plaintiff that failure to comply with the Court's orders, including the February 8, 2022 Order, "may result in this case's dismissal for failure to prosecute or to comply with Court orders."  Plaintiff again failed to file a response.

By Order dated March 29, 2022, the Court directed Plaintiff to show cause in writing by May 2, 2022 as to why this case should not be dismissed for failure to prosecute and/or to comply with Court orders.  Plaintiff was warned that, if she failed to do so by that deadline, Plaintiff's case "may be dismissed."  Plaintiff failed to comply with the Court's March 29, 2022 Order.  By Order dated May 9, 2022, the Court again directed Plaintiff to show cause in writing – this time, by June 6, 2022 – as to why this case should not be dismissed for failure to prosecute and/or to comply with Court orders.  The Court's May 9, 2022 Order warned Plaintiff that, if she failed to do so, Plaintiff's case "will be dismissed."

Copies of each of the Court's Orders were mailed to Plaintiff at the address indicated for her on the docket.

Plaintiff did not comply with the Court's May 9, 2022 Order to Show Cause, just as she did not comply with the Court's March 29, 2022 Order to Show Cause.  Indeed, Plaintiff has taken no action on her case since filing her Complaint and motion for leave to proceed *in forma pauperis* in late October 2020 – twenty months ago.

As set forth more fully below, Plaintiff's case is dismissed, without prejudice, for failure to prosecute and to comply with court orders.

*   *   *

2

"Rule 41(b) of the Federal Rules of Civil Procedure authorizes the district court to dismiss an action '[i]f the plaintiff fails to prosecute or to comply with [the] rules or a court order.'" *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (alterations in original) (quoting Fed. R. Civ. P. 41(b)); *see also Zappin v. Doyle*, 756 F. App'x 110, 111-12 (2d Cir. 2019) ("Although not explicitly authorized by Rule 41(b), a court may dismiss a complaint for failure to prosecute *sua sponte*." (citing *Spencer v. Doe*, 139 F.3d 107, 112 (2d Cir. 1998))).

"A district court considering a Rule 41(b) dismissal must weigh five factors: '(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.'" *Baptiste*, 768 F.3d at 216 (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). "No single factor is generally dispositive." *Id.*

Here, these factors favor dismissal of Plaintiff's case.

*First*, Plaintiff has taken no action to prosecute her case beyond filing the Complaint and motion for leave to proceed *in forma pauperis* – twenty months ago. Plaintiff failed to respond to the Commissioner's July 21, 2021 Motion for Judgment on the Pleadings and has failed to comply with the Court's Orders directing Plaintiff to respond and the Court's Orders directing Plaintiff to show cause as to why her case should not be dismissed. *See Ortega v. Apfel*, 5 F. App'x 96, 97 (2d Cir. 2001) (affirming dismissal for failure to prosecute when "[t]he record reveal[ed] that, beyond filing his complaint . . . , [plaintiff] took no action to prosecute his case" and failed to comply with the district court's orders); *Mannan v. Soc. Sec. Admin.*, No. 17-CV-

3

06800, 2020 WL 2329282, at *2 (E.D.N.Y. May 11, 2020) (dismissing complaint where "[p]laintiff ha[d] taken no action to prosecute his case beyond filing his complaint" and failed to respond to defendant's motion for judgment on the pleadings); *see also Ruzsa v. Rubenstein & Sendy Attys at Law*, 520 F.3d 176, 177 (2d Cir. 2008) (dismissal for failure to prosecute proper where, *inter alia*, "proceedings ground to a halt for over seven months" as a result of plaintiff's inaction); *Leybinsky v. U.S. Citizenship & Immigr. Servs.*, No. 19-CV-06154, 2020 WL 7295661, at *1-3 (E.D.N.Y. Dec. 2, 2020) (dismissing complaint pursuant to Rule 41(b) where petitioner failed to respond to respondent's motion to dismiss and to district court's order, and collecting cases demonstrating that "courts have consistently found that delays in the range of six months counsel in favor of [dismissal]").

*Second*, the Court's February 8, 2022 and March 29, 2022 Orders put Plaintiff on notice that failure to comply with those Orders may result in her case's dismissal, and the Court's May 9, 2022 Order put Plaintiff on notice that failure to respond to that Order *would* result in dismissal. Indeed, the May 9, 2022 Order expressly warned that if Plaintiff failed to comply with that Order, "Plaintiff's case will be dismissed." Plaintiff was thus on notice that her failure to comply would result in dismissal. *See Nolan v. Primagency, Inc.*, No. 07-CV-00134, 2008 WL 1758644, at *3 (S.D.N.Y. Apr. 16, 2008) ("The Second Circuit has held that where a court puts a plaintiff on notice that the court is considering dismissal, and a plaintiff fails to file a document explaining the failures and outlining why the action should not be dismissed, [the notice-of-dismissal] element has been met." (citing *Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 194-95 (2d Cir. 1999))), *aff'd*, 344 F. App'x 693 (2d Cir. 2009).

*Third*, any further delay is likely to prejudice the Commissioner. As a preliminary matter, where a plaintiff has caused an "unreasonable delay," the Court may presume prejudice

4

to the defendant.  *See Leybinsky*, 2020 WL 7295661, at *3 (quoting *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 210 (2d Cir. 2001)); *see also Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982).  Further, the Commissioner has an "interest in the timely resolution of this case, as the Social Security Administration is significantly overburdened with applications and appeals."  *Lomack v. Comm'r of Soc. Sec.*, No. 18-CV-06083, 2019 WL 132741, at *2 (W.D.N.Y. Jan. 8, 2019).  Plaintiff's delay undermines that interest.

*Fourth*, "although the Court recognizes Plaintiff's interest in receiving a fair chance to be heard, it must also consider the heavy demands of its docket, especially in the Social Security context."  *Id.*; *see also Cortez v. Suffolk Cnty. Corr. Facility*, No. 15-CV-01957, 2016 WL 6302088, at *2 (E.D.N.Y. Oct. 25, 2016) (recognizing the court's need "to avoid calendar congestion and ensure an orderly and expeditious disposition of cases").  Plaintiff's inaction has slowed this case's progress to a stop.  Plaintiff's delay undermines the Court's interest in managing its docket.  *See Neal v. Comm'r of Soc. Sec.*, No. 18-CV-01936, 2019 WL 3402464, at *2 (S.D.N.Y. June 5, 2019), *report and recommendation adopted*, 2019 WL 2710127 (S.D.N.Y. June 28, 2019).  Here, the interest in ensuring an orderly and expeditious disposition of cases "outweighs any interest in preserving the fair chance to be heard and due process rights of a party that . . . has expressed no interest in preserving those rights."  *See Thompson v. Rising Star Beauty Salon Inc.*, No. 15-CV-03716, 2017 WL 3887870, at *2 (E.D.N.Y. Sept. 5, 2017).

*Fifth*, no lesser sanction than dismissal (without prejudice) would be effective in compelling Plaintiff to move her case forward.  The Court has given Plaintiff several opportunities to be heard and to pursue her case yet Plaintiff has failed to respond to the Court's Orders and has taken no action to prosecute her case in twenty months.  *See id.* ("Given [plaintiff's] failure to comply with the Court's order warning of possible dismissal, it is unlikely

that a sanction short of dismissal would be effective.").  Moreover, Plaintiff's *in forma pauperis* status suggests that a monetary sanction would not be effective in motivating Plaintiff to prosecute her case.  *See Mannan*, 2020 WL 2329282, at *2 ("Given Plaintiff's *in forma pauperis* status, monetary sanctions cannot be relied on because the plaintiff is indigent." (alterations accepted) (quotation marks omitted)).

In sum, all five of the applicable factors weigh in favor of dismissal.  Accordingly, this case is dismissed, without prejudice, for failure to prosecute and to comply with court orders.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and, therefore, denies *in forma pauperis* status for purposes of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment, close this case, and mail a copy of this Order to Plaintiff.

SO ORDERED.

*/s/ Diane Gujarati*
DIANE GUJARATI
United States District Judge

Dated: June 27, 2022
       Brooklyn, New York

6